UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES K.W. MATLEAN,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 2:17-cv-1461-KJD-DJA

**ORDER**

Before the Court is a Motion for Summary Judgment filed by defendant James Dzurenda (#26).[1] Plaintiff James Matlean responded (#36), and Dzurenda replied (#36).

James Matlean is an inmate at the Saguaro Correctional Center. He allegedly suffers from Short Bowel Syndrome, which affects the way his digestive system absorbs nutrients from his diet. Matlean claims that prison staff and doctors have been deliberately indifferent to his condition in violation of the Eighth Amendment. Dzurenda moves for summary judgment on Matlean's Eighth Amendment claim, arguing that Matlean's Short Bowel Syndrome is not a serious medical need, and even if it were, prison officials have adequately treated his condition. Alternatively, Dzurenda claims qualified immunity. The Court agrees that Matlean has not shown that that his short bowel syndrome is a serious medical condition. He has similarly failed to demonstrate that prison staff were indifferent to his medical needs. And so, the Court grants summary judgment on Matlean's Eighth Amendment claim.

---

[1] The Attorney General's motion also includes the following defendants: Romeo Aranas, David Mar, Frank Dreesen, David Tristan, Sonya Carrillo, and Benedicto Gutierrez. For convenience, the Court will refer to these defendants collectively as "Dzurenda," unless otherwise necessary. As for the remaining defendants, the Court extended the deadline for Matlean to serve the remaining defendants, and they have not yet answered Matelean's complaint or joined this motion.

## I. Background

James Matlean has been legally incarcerated since at least December of 2012. It was then that Matlean claims he first notified prison doctors that he suffered from Short Bowel Syndrome. See Compl. 4-A, ECF No. 7. At the time, Matlean "consulted numerous times" with Dr. Koehn to "develop a comprehensive treatment plan" for his condition. Id. Short Bowel Syndrome generally results from damage or removal of a portion of the small intestine. See Short Bowel Syndrome, Nat'l Inst. Of Diabetes and Digestive and Kidney Diseases, https://www.niddk.nih.gov/health-information/digestive-diseases/short-bowel-syndrome (last visited Sep. 27, 2019) ("SBS Facts"). Left untreated, short bowel syndrome can cause bloating, cramping, diarrhea, vomiting, and malnutrition. Id. Generally, however, nutritional support and an augmented diet alleviate the condition's effects. Id.

Matlean claims he began the grievance process to request necessary nutritional support in February of 2014. Compl. at 4-B. The following May, Matlean was transferred from Ely to Northern Nevada Correctional Center. Id. Matlean claims that he promptly alerted prison officials of his condition and requested nutritional assistance (see id.), but there is no evidence of that. Doctors at Northern Nevada Correctional Center prescribed Zantac, Pepto Bismol, and Reguloids to alleviate Matlean's stomach pain. Id. At the end of 2014, Matlean was again transferred, this time to High Desert State Prison in Indian Springs, Nevada. Id. at 5-B. From there, Matlean was transferred to Southern Desert Correctional Center. Id. at 4-C–4-D. Matlean claims he was not seen by a doctor for more than a month while prison officials processed his final transfer. Compl. at 4-C.

In April of 2016, Matlean began the grievance process at Southern Desert to receive nutritional assistance. Matlean requested additional calorie intake to offset the nutrients that his intestines were unable to absorb. Southern Desert Correction Center's physician, Dr. Vicuna, prescribed medication and a multivitamin to help Matlean's stomach and ordered a nutritional drink and a snack at night to increase Matlean's calorie intake. Def.'s Mot. Summ. J. 6, ECF No. 26 (citing Compl. at 4-F). Matlean again filed a grievance, claiming that the medication, multivitamin, and increased snacks were not enough and that he needed 100% more calories

1 | each day. Id. at 7. Prison officials denied that request, however, because they determined
2 | Matlean had not complied with Dr. Vicuna's prior orders and was not drinking the nutritional
3 | drink or retrieving his pills regularly. Grievance Report 3, ECF No. 26 Ex. A.
4 | When prison staff refused to further augment Matlean's diet, he brought this suit.
5 | Matlean brought two causes of action: (1) a violation of the Eighth Amendment right to be free
6 | from cruel and unusual punishment and (2) a violation of Matlean's right to medical treatment
7 | under 42 U.S.C. § 12010. Compl. at 4, 5. Matlean requested "damages in excess of $500,000,"
8 | punitive damages, compensatory damages, and declaratory and injunctive relief. Id. at 9. The
9 | Attorney General's Office accepted service on every defendant except Jo Gentry, Dr. Koehn, Dr.
10 | Vicuna, and SL Clark. ECF No. 15. Matlean requested, and the Court granted, an extension of
11 | time to serve Gentry, Koehn, Vicuna, and Clark. See ECF No. 18. Matlean has since served all
12 | but SL Clark. ECF Nos. 40, 43, 44. Dzurenda now moves for summary judgment on Matlean's
13 | Eighth Amendment claim.

**II.     Legal Standard**

The Court construes Matlean's pro se pleading liberally and in his favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, Matlean is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Rule 56 allows summary judgment where there exists no genuine issue of fact and when the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing the absence of material fact. Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to show specific facts demonstrating a genuine factual dispute for trial. See Masushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court makes all justifiable inferences in favor of the nonmoving party. Matsushita, 475 U.S. at 587. However, the nonmoving party may not merely rest on the allegations in the pleadings. Rather, the nonmoving party must produce specific facts—by affidavit or other evidence—showing a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). And summary judgment is not appropriate if a reasonable jury could return a verdict for

the nonmoving party. Liberty Lobby, 477 U.S. at 248.

**III.    Analysis**

Dzurenda argues that Matlean's Eighth Amendment claim fails as a matter of law because Matlean does not suffer from a serious medical need, and prison officials' response to Matlean's condition was constitutionally adequate. Dzurenda further argues that even if Matlean could prove a deliberate indifference claim, these officials would be entitled to qualified immunity. The Court agrees.

The Eighth Amendment, applicable to the states by the Fourteenth Amendment, prohibits cruel and unusual punishment. Historically, "cruel and unusual punishment" was punishment unauthorized by statute or punishment that was disproportionate to the charged offense. Gregg v. Georgia, 428 U.S. 153, 167–70 (1976). The Framers' adoption of the term proscribed "torture and other barbar(ous) methods of punishment." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations omitted). The Eighth Amendment's protections, however, have evolved to include the "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Id. (quoting Jackson v. Bishop, 404 F.2d 571, 579 (9th Cir. 1968). As a result, the Amendment prohibits "more than physically barbarous punishments." Estelle, 429 U.S. at 102. It protects against state action that causes "the unnecessary and wanton infliction of pain." Gregg, 428 U.S. at 173.

In the prisoner context, the Eighth Amendment prohibits deliberate indifference to a prisoner's medical needs if that indifference causes unnecessary and wanton infliction of pain. Prison officials violate the Eighth Amendment if they fail to respond to a prisoner's medical needs, if they intentionally deny or delay access to medical care, or if they interfere with the prisoner's treatment. Estelle, 429 U.S. at 104–05. Estelle is clear, however, that merely inadequate medical care does not violate the Eighth Amendment. The inadvertent failure to provide care cannot rise to the level of "wanton" infliction of pain. Thus, the prison official's level of culpability must rise to more than mere negligence but less than the conscious desire to cause the inmate pain. Farmer v. Brennen, 511 U.S. 825, 835 (1994).

To prevail, Matlean must show that (1) he had a serious medical need, the failure of

which to treat would cause further injury or wanton and unnecessary infliction of pain and (2) that prison officials were deliberately indifferent to that need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Here, Matlean has not shown either factor.

Matlean has not provided evidence that the failure to treat Small Bowel Syndrome with his preferred treatment would cause wanton and unnecessary infliction of pain. First, there is no evidence besides Matlean's own testimony that he has been diagnosed with Small Bowel Syndrome or that he disclosed his condition to medical staff in the five years preceding this suit. The only evidence that Matlean has Small Bowel Syndrome is based on his 2016 representation to Dr. Vicuna in May of 2016. See Med. Diet Order Form, ECF No. 35 Ex. C. That does not prove that Matlean was examined and diagnosed with Small Bowel Syndrome at any point. Matlean's self-serving and conclusory allegations to the contrary do not create a genuine issue of fact. See F.T.C. v. Pub. Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997).

Even assuming Matlean suffers from Small Bowel Syndrome, he provides no evidence that the doctors' proposed course of treatment would cause unnecessary or wanton infliction of pain. Matlean submits a document, titled "Nutrition Strategies for Managing Short Bowel Syndrome." ECF No. 35 Ex. B. The document outlines strategies to avoid malnutrition and dehydration, two apparent effects of Small Bowel Syndrome. Id. To be sure, both malnutrition and dehydration can pose serious health risks. However, the prison medical staff was well equipped to treat both malnutrition and dehydration to avoid the unnecessary and wanton infliction of pain. Therefore, Matlean has not demonstrated that his Small Bowel Syndrome was a serious medical need that could cause the unnecessary or wanton infliction of pain.

Likewise, there is no evidence that prison officials were deliberately indifferent to Matlean's condition. To the contrary, prison officials at two different facilities prescribed medication or altered Matlean's diet to treat his symptoms. At bottom, Matlean's claim boils down to a disagreement with his treating physicians whether their course of action would adequately treat his disorder. The doctors believed medication, a nutritional drink, and a night-time snack would be enough to treat Matlean's symptoms. Matlean believed that a 100% increase in his daily caloric intake was the only solution. A difference in medical judgment or

disagreement between patient and physician, however, does not give rise to a deliberate indifference claim. Franklin v. Or. Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Therefore, prison officials did not demonstrate deliberate indifference to Matlean's Small Bowel Syndrome.

Alternatively, even if Matlean met his burden to prove deliberate indifference, which he has not, each of these defendants would be shielded from civil liability by qualified immunity. A plaintiff overcomes qualified immunity if the government official violated a constitutional right *that was clearly established* at the time of the alleged violation. C.B. v. City of Sonora, 769 F.3d 1005, 1022 (9th Cir. 2014) (emphasis added). The Supreme Court has cautioned against defining clearly established rights too broadly. See White v. Pauly, 137 S.Ct. 548, 552 (2017). The clearly established law must be "particularized to the facts of the case." Id. (internal quotations omitted). To prevail, Matlean must identify a case where a prison official acted under similar circumstances and had been found to violate the Eighth Amendment. Id.; see also Greene v. Camreta, 588 F.3d 1011, 1031 (9th Cir. 2009), vacated in part on other grounds, 661 F.3d 1201 (9th Cir. 2011) (the burden rests with the non-governmental party to identify a clearly established law). Matlean has not done so, and the Court has similarly not identified such a case. Therefore, these defendants would receive qualified immunity if Matlean could show that they violated his Eighth Amendment rights.

In sum, there is no genuine issue of fact that Matlean did not suffer a serious medical need, and if he had, prison officials were not deliberately indifferent to that need. The alleged deliberate indifference claim boils down to a disagreement between Matlean and his doctors about the proper treatment of his symptoms, which does not rise to the level of an Eighth Amendment violation. Alternatively, qualified immunity would shield these defendants from liability because Matlean has not shown a clearly established constitutional right that these defendants violated.

///

///

///

///

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that defendant James Dzurenda's Motion for Summary Judgment (#26) is **GRANTED**.

The Clerk of the Court shall **ENTER JUDGMENT** in favor of defendants James Dzurenda, Romeo Aranas, David Mar, Frank Dreesen, David Tristan, Sonya Carrillo, and Benedicto Gutierrez and against plaintiff James Matlean.

Dated this 27th day of September, 2019.

_____
Kent J. Dawson
United States District Judge